# UNITED STATES DISTRICT COURT
for the

__Western__ District of __North Carolina__

__Charlotte__ Division

FILED
CHARLOTTE, NC

OCT 2 8 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| Linda Byers<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br>Charlotte Mecklenburg Board of Education<br><br>Monique Moore   Kimmie Howard<br>Stephen Hall   Jennifer Tampa<br><br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. __3:25-CV-859-FDW__<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)*  [X] Yes  [ ] No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Linda Byers |
   | Street Address | 703 Parkside Terrace Ln |
   | City and County | Charlotte Mecklenburg |
   | State and Zip Code | North Carolina 28202 |
   | Telephone Number | (980)899-2090 |
   | E-mail Address | tarheelsunc86@yahoo.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Monique Moore |
| Job or Title (if known) | Benefits Administrator of Human Resources Department |
| Street Address | 4339 Stuart Andrew Blvd. |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | North Carolina 28217 |
| Telephone Number | (980)344-0260 |
| E-mail Address (if known) | monique1.moore@cms.k12.nc.us |

Defendant No. 2

| | |
|---|---|
| Name | Stephen Hall |
| Job or Title (if known) | Director of the Afterschool Enrichment Program |
| Street Address | 1901 Herbert Spaugh Lane |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | North Carolina 28208 |
| Telephone Number | (980)343-5567 |
| E-mail Address (if known) | Stephen.hall@cms.k12.nc.us |

Defendant No. 3

| | |
|---|---|
| Name | Jennifer Tampa |
| Job or Title (if known) | Area Supervisor/ Area Specialist of the Afterschool Enrichment Program |
| Street Address | 1901 Herbert Soaugh Lane |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | North Carolina 28208 |
| Telephone Number | (980)343-5567 |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | Kimmie K. Howard |
| Job or Title (if known) | Area Supervisor |
| Street Address | 1901 Herbert Lane |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | North Carolina 28208 |
| Telephone Number | (980)343-5567 |
| E-mail Address (if known) | kimmie.howard@cms.k12.nc.us |

Defendant No. 1

    Name    CHARLOTTE MECKLENBURG BOARD OF EDUCATION

    Job or Title *(if known)*    SCHOOL DISTRICT

    Street Address    4421 STUART ANDREW BLVD.

    City and County    CHARLOTTE MECKLENBURG

    State and Zip Code    NORTH CAROLINA 28217

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 3

    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 4

    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Sedgefield Montessori Elementary School |
| Street Address | 715 Hartford Ave |
| City and County | Charlotte  Mecklenburg |
| State and Zip Code | North Carolina 28209 |
| Telephone Number | (980)343-5830 |

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 et seq.

☒ Relevant state law *(specify, if known)*:

~~North Carolina With Disabilities Protection Act (NCPDPA), N.C Gen. Stat. § 168A-1 et seq.~~

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [ ] Termination of my employment.
- [ ] Failure to promote me.
- [X] Failure to accommodate my disability.
- [X] Unequal terms and conditions of my employment.
- [X] Retaliation.
- [X] Other acts *(specify)*: Coercion to resign, interference during FMLA/ADA leave, delay and mishandling of disability documentation, breach of medical privacy, and hostile treatment following protected medical leave.

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

"The alleged retaliatory and interfering acts occurred between **March 2025 and August 2025, and are ongoing.**"

C. I believe that defendant(s) *(check one)*:

- [X] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [ ] race
- [ ] color
- [ ] gender/sex
- [ ] religion
- [ ] national origin
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [X] disability or perceived disability *(specify disability)*

Work-related anxiety and depression diagnosed by my physician. The condition substantially limits my ability to perform essential duties and responsibilities at work, interferes with major life activities, and required medical leave under the FMLA as well as accommodations under the ADA

E. The facts of my case are as follows. Attach additional pages if needed.

Please see page attached

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

### IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* ___7/31/2025___ .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

### V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please see page attached

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/21/2025

Signature of Plaintiff: *Linda Byers*

Printed Name of Plaintiff: Linda Byers

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Street Address:
State and Zip Code:
Telephone Number:
E-mail Address:

## STATEMENT OF CLAIM

This action arises from a pattern of discrimination, retaliation, and interference with my federally protected rights under the **Americans with Disabilities Act (ADA)** and the **Family and Medical Leave Act (FMLA)** by officials of **Charlotte-Mecklenburg Schools (CMS)**.

Beginning in early 2025, I notified CMS of a serious medical condition that substantially limited major life activities and requested reasonable accommodation and protected leave. Instead of engaging in the required interactive process or ensuring compliance with federal law, the defendants—acting individually and in coordination—delayed required documentation, mishandled my transfer request, interfered with my approved medical leave, and subjected me to retaliatory treatment after I asserted my rights and sought assistance from the **EEOC**.

As a result of the defendants' actions, I suffered financial harm, emotional distress, and prolonged disruption of my employment, benefits, and medical recovery. I bring this complaint to seek accountability and relief for violations of my rights under the **ADA**, **FMLA**, and applicable state employment laws.

## IV. Relief Requested

Plaintiff respectfully requests that the Court grant the following relief:

1. Order Defendant to correct and update Plaintiff's official service year record with Orbit Retirement to reflect the accurate 21.5 credited years of service.
2. Award back pay for lost wages, including missed longevity payments and other benefits delayed or interrupted due to administrative misconduct and retaliation.

3. Award compensatory damages for emotional distress, anxiety, medical-related hardship, and loss of professional standing and career opportunities resulting from Defendants' interference and retaliation.
4. Order reinstatement and correction of Plaintiff's personnel file and performance evaluations to accurately reflect Plaintiff's service and contributions.
5. Issue injunctive relief prohibiting further retaliation or interference with Plaintiff's employment, medical, or benefits-related records.
6. Award reimbursement for medical expenses, filing costs, and other court-related fees incurred in connection with this action.
7. Grant any other relief the Court deems just and proper.

**Estimated amount of damages sought:** Not less than **$75,000** in compensatory, equitable, and related relief.

### E. The Facts of My Case

Beginning in March 2025, I requested a transfer due to an increasingly toxic and stressful work environment that was aggravating my medical condition. My request, submitted on March 24, 2025, was delayed and mishandled by Human Resources (Ms. Monique Moore and Danielle C. Dix) who redirected responsibility between departments without resolution. As a result, no accommodation or transfer was provided before the April 17, 2025, transfer deadline, leaving me in the same environment that contributed to my condition.

Following this, I experienced repeated delays, inconsistent communication, and pressure related to my medical leave and disability documentation. These delays interfered with the timely processing of my short-term disability and accommodations. Despite being under medical care and approved leave, I was contacted and pressured regarding work-related matters, including attempts to have me sign evaluation documents while on protected medical leave.

After I began asserting my rights under the ADA and FMLA and sought assistance from the EEOC, I experienced retaliation in the form of increased scrutiny, poor communication, resignation pressure, and delayed administrative support. These actions have caused significant emotional distress, prolonged medical leave, and disruption to my employment and benefits.

The retaliatory conduct has continued through 2025, and I believe the defendants are still engaging in actions that interfere with my protected rights under the ADA and FMLA.

## II. SPECIFIC ALLEGATIONS

1. Plaintiff **Linda Byers** was employed by the **Charlotte-Mecklenburg Board of Education (CMS)** for more than twenty-one (21) years, including six (6) years in the Afterschool Enrichment Program. Plaintiff maintained a strong record of performance and long-standing service.
2. Plaintiff was under medical care for a qualifying health condition and was approved for protection under both the **Family and Medical Leave Act (FMLA)** and the **Americans with Disabilities Act (ADA)**.
3. Between **December 2024 and July 2025**, Defendants collectively engaged in a pattern of **retaliation, interference, and failure to accommodate** related to Plaintiff's use of protected medical leave and disability benefits.
4. Defendant **Monique Moore**, Benefits Administrator, repeatedly delayed or withheld critical disability forms (including Forms **701, 7A, and 703**), failed to communicate timely updates, and neglected to process Plaintiff's documentation promptly, resulting in unnecessary financial and emotional hardship. Following issuance of the **EEOC Right to**

**Sue Letter**, Ms. Moore ceased all communication and withdrew from the matter without notice or transition support.

5. Defendant **Stephen Hall**, of the Afterschool Department, communicated with HR Manager **Cindy Jeffraes** on **May 5, 2025**, regarding Plaintiff's transfer request to leave a toxic work environment. Despite awareness of the situation, CMS required Plaintiff to return to the same environment on **May 14, 2025**, after the transfer deadline, effectively denying a reasonable accommodation. On **April 24, 2025**, Mr. Hall supported Area Supervisor **Kimmie Howard** in reprimanding Plaintiff for communicating by email during an active medical leave, rather than by phone—an inappropriate directive that violated Plaintiff's medical limitations.

6. Defendant **Jennifer Tampa**, Plaintiff's direct supervisor, interfered with Plaintiff's protected leave by sending text messages, exerting pressure, and threatening disciplinary points if a doctor's note was not provided by **May 27, 2025**, despite Plaintiff's active FMLA status. On **May 19, 2025**, Ms. Tampa made negative comments in Plaintiff's performance review regarding "attendance" and "collegial relationships," ignoring that Plaintiff's absences were protected under FMLA and caused by a hostile environment. On **May 20, 2025**, Ms. Tampa contacted Plaintiff while on medical leave to pressure her into signing the evaluation. Following issuance of the **Right to Sue Letter**, on **August 4, 2025**, edits appeared on Plaintiff's performance review, showing additional evaluators—including the principal—who were not listed on the original evaluation.

7. Defendant **Kimmie Howard**, Area Supervisor of the Afterschool Enrichment Program, threatened to label Plaintiff "unprofessional" on **April 22, 2025**, during an active medical leave period, further contributing to a retaliatory and hostile environment in violation of ADA and FMLA protections.

8. Defendant **Kimberli Chappelle**, Benefits Manager, remained involved in communications and supported Ms. Moore's handling of Plaintiff's case. Ms. Chappelle

failed to intervene despite clear notice of procedural delays and retaliation. On **August 15, 2025**, Ms. Chappelle announced a change in administrative oversight, replacing Ms. Moore with **Sharkira Seville** during Plaintiff's disability period, without explanation or continuity of care.

9. Defendant **Cindy Jeffraes**, HR Manager, was copied on numerous relevant communications and was fully aware of the ongoing mishandling and retaliation but failed to take corrective or preventive action.

10. On **June 11, 2025**, Ms. Moore improperly issued a resignation email to Plaintiff, copying Ms. Tampa and other HR officials. On **June 26, 2025**, another HR manager called Plaintiff and pressured her to resign while Plaintiff remained under medical protection, constituting **direct retaliation and coercion**.

11. Following Plaintiff's **Right-to-Sue Letter**, Defendants continued retaliatory conduct, including administrative changes, lack of transparency regarding pay, and refusal to clarify Plaintiff's official service credit and disability pay status.

12. As a result of Defendants' collective actions, Plaintiff suffered **emotional distress, anxiety, financial disruption, reputational harm**, and interference with her right to reinstatement and restoration under the **ADA** and **FMLA**.

13. The conduct of CMS and its agents represents **intentional retaliation, interference, and neglect of federally protected employee rights**, in violation of the ADA (42 U.S.C. §12101 et seq.) and the FMLA (29 U.S.C. §2601 et seq.).